**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| RONALD SHIMKO and CAROL SHIMKO, | ) |
| | ) ASBESTOS |
| | ) |
| Plaintiffs, | ) C.A. No.: N10C-12-238 ASB |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

Submitted:     June 2, 2014
Decided:      September 30, 2014

Upon Defendant's Motion for Summary Judgment
***GRANTED***

Raeann Warner, Esquire, Jacobs & Crumplar, P.A., Wilmington, Delaware, *Attorney for Plaintiffs*.

Joelle Florax, Esquire, Rawle & Henderson, LLP, Wilmington, Delaware, *Attorney for Defendant.*

**DAVIS, J.**

### INTRODUCTION

This is a civil asbestos tort action. In this action, Plaintiffs Ronald Shimko and Carol Shimko allege that, due to Defendant Honeywell International Inc.'s wrongful conduct, Mr. Shimko was exposed to asbestos and, as a result of that exposure, developed pleural disease and asbestosis. Upon review of the Complaint and the Amended Complaint filed is this civil action, the Court is unclear what are Ms. Shimko's claims for recovery. For purposes of this decision, the Court will assume Ms. Shimko's claims arise out of loss of consortium.

Unrelated to the claims against Honeywell International Inc., as the successor-in-interest to Bendix Corporation ("Honeywell"), the Complaint also alleges occupational exposure to roofing, siding, and dry-wall while Mr. Shimko was performing home renovations. The Court is not addressing those unrelated claims in this Opinion.

For the reasons stated in this Opinion, Defendant Honeywell International Inc.'s Motion for Summary Judgment is **GRANTED**.

### PROCEDURAL BACKGROUND

The Shimkos filed the Complaint on December 28, 2010. Honeywell answered the Complaint and asserted various affirmative defenses and crossclaims on February 22, 2011. On April 4, 2011, the Shimkos filed an amended Complaint. Honeywell answered the amended Complaint on April 8, 2011. On February 19, 2014, this Court determined that Delaware substantive law governed this case.

Honeywell filed its Defendant Honeywell International Inc.'s Motion for Summary Judgment (the "Motion") on March 13, 2014. The Shimkos filed a Plaintiff's Response to, Honeywell International Successor in Interest to Bendix Corporation's Motion for Summary Judgment (the "Response")[1] on April 10, 2014.

On April 21, 2014, the Shimkos also filed the Affidavit of Ronald Shimko (the "Shimko Affidavit"). The Response does not reference the existence of the Shimko Affidavit or that the Shimkos would be filing the Shimko Affidavit in support of the Response. Honeywell filed its Honeywell International Inc.'s Reply in Support of Its Motion for Summary Judgment (the "Reply") and Honeywell International Inc.'s Motion to Strike Plaintiffs' Sham Affidavit (the "Motion to Strike") on April 23, 2014.

---

[1] The Court has used the title of the Response in the form it was submitted to the Court without making any editorial corrections for typos or alike.

2

The Court held a hearing on the Motion, the Response, the Reply and the Motion to Strike on May 8, 2014. After the hearing, the Court took the matters under advisement.

After the hearing, the parties continued to submit papers with the Court. All dealt with the validity of the Shimko Affidavit. On May 13, 2014, Honeywell submitted a letter in response to the Shimko Affidavit. Honeywell also submitted an affidavit from the court reporter (the "Court Reporter Affidavit") who recorded the deposition of Mr. Shimko. The Court Reporter Affidavit stated that the court reporter reviewed the deposition transcript and corrected a question that was asked of Mr. Shimko. Honeywell contended that this correction resolved an open issue as to the clarity of a question asked by Honeywell during Mr. Shimko's deposition. Thereafter, the Shimkos' counsel contacted the Court and asked for time to review the Court Reporter Affidavit and clarify the Shimkos' position on the Shimko Affidavit. On May 29, 2014, the Shimkos submitted another letter to the court and an additional affidavit of Mr. Shimko (the "Shimko Affidavit 2"). Honeywell responded to the Shimko Affidavit 2 on June 2, 2014. At this point, the Court, once again, took the matter under advisement.

## FACTUAL BACKGROUND

In a deposition taken on September 24, 2013, Mr. Shimko testified regarding his occupational exposure to asbestos-containing brakes, clutches and gaskets. Mr. Shimko also discussed work he did as a "shade tree" mechanic, working on his vehicles and his friends' vehicles. Mr. Shimko did not identify any Honeywell products – in this instance Bendix brand parts – in his occupational work. With respect to his "shade tree" mechanic work, Mr. Shimko initially testified:

> Q. All right. Do you have any recollection regarding the name, brand or manufacturer of brakes shoes or pads that you would have put on your own personal vehicles?

3

A. I know I put a Bendix on once, a Raybestos on, Raybestos. That's all I can think of. Oh, Pennsylvania, Pennsylvania brakes, I know I put them on. I couldn't tell you what years or anything like that.

Q. Can you tell me the name, brand or manufacturer of any of the brakes that you ever removed from your personal vehicles?

A. No.[2]

The Court has reviewed the transcript and is satisfied that Mr. Shimko did not testify with any specificity about more than one brake job installation involving Bendix brakes. Mr. Shimko recalled that it occurred sometime in the late 1960s and that he installed drum brakes.[3] Mr. Shimko did not remember whether the Bendix packaging identified that the Bendix products contained asbestos and could not otherwise describe the packaging.[4] Mr. Shimko did state that he probably used Bendix brakes on other occasions, but he could not recall those occasions and he was unable to provide any additional details about his work with Bendix brakes.[5] Mr. Shimko did not testify at all about removing Bendix brakes. In addition, Mr. Shimko did not state that he cut, sanded or otherwise altered any Bendix brakes that he installed on a vehicle.

Mr. Shimko did testify about removing old brake shoes. Mr. Shimko, however, did not identify the manufacturer of any of the brakes he removed.[6] Mr. Shimko stated that when removing old brake shoes that he had to clean the drum with an air hose.[7]

Mr. Shimko was represented at his deposition by his counsel. The deposition transcript shows that Mr. Shimko's attorney did ask Mr. Shimko two questions regarding the use of Bendix brakes, but did not ask specific questions regarding installation or removal of Bendix brakes.[8].

---

[2] Shimko depo. at 128:3-15.
[3] Shimko depo. at 172-173.
[4] Shimko depo. at 174.
[5] Shimko depo. at 175; 186-187.
[6] Mr. Shimko did state that he removed OEM brakes during his work as a mechanic but did not identify any manufacturers with respect to his work as a "shade tree" mechanic. Shimko Depo at 79; 104.
[7] Shimko depo at 70, 161-163.
[8] Shimko depo. at 184.

In response, Mr. Shimko stated that he knew he used Bendix brakes because he liked them but could not provide anymore facts regarding their use. Upon follow-up questioning by Honeywell, Mr. Shimko stated that he could not remember the "amount of times" that he recalled working on Bendix brakes or the last time he worked with Bendix brakes.[9] The Court notes that the deposition does not present any testimony from Mr. Shimko that when he worked with Bendix products that the work was dusty or otherwise provided any friable exposure.

Subsequent to filing the Response but before the May 8, 2014 hearing, Mr. Shimko sought to supplement the factual record through the Shimko Affidavit. In the Shimko Affidavit, Mr. Shimko avers that he "performed over fifty (50) brake jobs using Bendix brakes, which [Mr. Shimko] recalls were the dustiest brakes I ever used.[10]" No other facts are provided regarding Bendix brakes. The Response did not reference or otherwise rely on the Shimko Affidavit. In the Shimko Affidavit 2, Mr. Shimko again addresses Bendix brakes. There Mr. Shimko states that he "does not know the exact number of brake jobs I did with Bendix brakes, because I did not keep a record. However, I can say in good faith that I estimate that I did at least 50 brake jobs with Bendix brakes over that 50 year span."[11] Mr. Shimko does not explain why in his deposition he only specifically remembered one installation involving Bendix brakes but now remembers installing Bendix brakes over 50 times during a 50 year period.

PARTIES' CONTENTIONS

Honeywell contends that the Shimkos have failed to establish that Mr. Shimko was exposed to asbestos from a product sold by Honeywell that meets the requirements under Delaware law. Honeywell argues that Delaware law requires that Mr. Shimko establish a

---

[9] Shimko depo at 186-187. The question corrected by the Court Reporter is the question contained on page 187 of the Shimko depo. *See* Letter from Joelle Florax to the Honorable Eric M. Davis dated May 13, 2014, Court Reporter affidavit.
[10] The Shimko Affidavit at ¶5.
[11] The Shimko Affidavit 2 at ¶4.

threshold "product nexus," which entails evidence of Mr. Shimko being exposed to asbestos fibers from Bendix brakes. Honeywell also claims that Mr. Shimko cannot satisfy the "but for" causation standard. In this argument, Honeywell contends that Mr. Shimko's work with Bendix products on one occasion in the 1960s is so de minimus that the Shimkos cannot show that "but for that purported work, Mr. Shimko would not have developed pleural disease and pulmonary asbestosis."[12]

The Shimkos argue that summary judgment is not appropriate here. The Shimkos note that Honeywell admits that Mr. Shimko worked with and was "exposed" to Bendix products but that Honeywell only disputes the amount of exposure. The Shimkos note that Honeywell admits in interrogatories that Bendix brakes contained asbestos. Finally, the Shimkos argue that they can meet the Delaware "but for" causation standard, contending that the Shimkos' expert will provide the necessary testimony on causation.

Importantly, the Response states that Mr. Shimko used Bendix brakes once. The Response notes that Mr. Shimko testified to putting Bendix brakes on an automobile. The Response does not rely on any specific testimony that Mr. Shimko removed any Bendix products. The Response does not argue that Mr. Shimko performed over fifty (50) brake shoe replacements with Bendix products or that Bendix products were the dustiest brakes he ever used. The Shimkos first raised those facts when they filed the Shimko Affidavit and the Shimko Affidavit 2.

## STANDARD OF REVIEW

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to

---

[12] Motion at 6.

determine whether genuine issues of material fact exist, "but not to decide such issues."[13]

Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[14] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[15] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[16] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for resolution by the ultimate fact-finder.[17]

However, to survive summary judgment, a plaintiff's claim must be based on more than mere speculation. "The Court must decline to draw an inference for the non-moving party if the record is devoid of facts upon which the inference reasonably can be based."[18] An inference cannot be based on "surmise, speculation, conjecture, or guess, or on imagination or supposition."[19]

To survive a motion for summary judgment in an asbestos action where Delaware law applies, the plaintiff must be able to demonstrate that "a particular defendant's asbestos-containing product was used at the job site and that the plaintiff was in proximity to that product

---

[13] *Merrill v. Crothall-American Inc.,* 606 A.2d 96, 99-100 (Del .1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* 312 A.2d 322, 325 (Del. Super. 1973).

[14] *Merrill,* 606 A.2d at 99-100; *Dorr-Oliver,* 312 A.2d at 325.

[15] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del.1962). *See also Cook v. City of Harrington,* 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990)(citing *Ebersole,* 180 A.2d at 467)("Summary judgment will not be granted under any circumstances when the record indicates ... that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

[16] *Moore v. Sizemore,* 405 A.2d 679, 680 (Del.1979)(citing *Ebersole,* 180 A.2d at 470).

[17] *See Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del.1995).

[18] *In re Asbestos Litig.*, C.A. No. N10C-12-011 ASB, 2012 WL 1408982 at *2 (Del. Super. Apr. 2, 2012) (*quoting In re Asbestos Litig.*, CIV.A. 01C-11-239, 2007 WL 1651968 at *16 (Del. Super. May 31, 2007)).

[19] *Id.*

7

at the time it was being used."[20]  Delaware's standard implicitly requires "that the particular defendant's product to which the plaintiff alleges exposure must be friable, that is, the product must be susceptible to releasing fibers which are capable of ingestion or respiration."[21]

The Court should not "sustain a claim which rests upon speculation or conjecture or on testimony which could not meet the 'time and place' standard."[22]  "Measuring the accumulation of time a plaintiff needs to be in proximity to a product in order to overcome summary judgment is not a hard science and need not require specificity."[23]  To establish asbestos exposure, a plaintiff must present evidence that would allow an inference that he was in close proximity to specific locations at which a defendant's asbestos product was present and was friable.[24]

**DISCUSSION**

The Court holds that the Shimkos' claims against Honeywell are too speculative to survive summary judgment.  In his deposition, Mr. Shimko mentions specifically using Bendix products only one time.  Mr. Shimko testified that he installed Bendix brakes on one occasion but that he "probably used" Bendix products on other occasions.  Mr. Shimko really does not remember much with respect to Bendix products.  Mr. Shimko did not state that he was exposed to any dust or fibers when installing Bendix products.

Mr. Shimko only mentions dirt and dust with respect to those times he removed and replaced old brake shoes.  However, Mr. Shimko does not identify that any of those old brake shoes were Bendix brakes.  Finally, Mr. Shimko could not identify any Bendix products with any degree of certainty.

---

[20] *In re Asbestos Litig.*, 509 A.2d 1116, 1117 (Del. Super. 1986) ("the plaintiff 'must proffer evidence that at the time [the defendant's asbestos product] was present on the site he was in the area where [the product] was used, near that area, walked past that area, or was in a building adjacent to where [the product] was used if open windows or doors would allow asbestos fibers to be carried to the area where the plaintiff was working'").

[21] *Mergenthaler v. Asbestos Corp. of Am., Inc.*, 1988 WL 16284, at *3 (Del. Super. July 13, 1988).

[22] *In re Asbestos Litigation*, 509 A.2d at 1117-18.

[23] *Collins v. Ashland, Inc.*, N06C-03-339, 2009 WL 81297, *4 (Del. Super. Jan. 6, 2009).

[24] *In re Asbestos Litigation (Helm)*, 2007 WL 1651968, *20-22 (Del. Super. June 25, 2007).

To survive summary judgment, the Shimkos must base their claims against Honeywell on more than mere speculation. As stated above, the Court must decline to draw an inference for the Shimkos if the record does not contain facts upon which the inference reasonably can be based. Moreover, the Court cannot base an inference on surmise, speculation, conjecture, or guess, or on imagination or supposition.

Based on the record, the Court holds that it cannot reasonably infer that Mr. Shimko was exposed to asbestos fibers from a Bendix product to satisfy the standards under Delaware law relating to product nexus. Mr. Shimko indicated he specifically remembered using Bendix products only one time. There is no evidence that Mr. Shimko was exposed to any fibers, asbestos or otherwise, when using Bendix products on that one installation. Moreover, Mr. Shimko's memory of this one installation is vague – unsure of how many brakes were worked on, what the particular Bendix product was or even what the packaging looked like. While Mr. Shimko did testify that he probably did use Bendix products on other occasions, Mr. Shimko cannot provide any reliable facts for this Court to find that the Honeywell product to which Mr. Shimko alleges exposure was friable as to him, that is, the Bendix product released fibers which Mr. Shimko could have ingested or inhaled.

The Court holds that it would be entirely speculative to infer that Mr. Shimko used a Bendix product in a manner that indicated that he was exposed to friable asbestos from that product. Therefore the Shimkos claims against Honeywell cannot satisfy the Delaware product nexus standard.[25]

The Court did not consider the Shimko Affidavit or the Shimko Affidavit 2 in arriving at this decision. The Court is troubled by the timing of the introduction of the Shimko Affidavit

---

[25] As the Court holds in favor of Honeywell with respect to Delaware law on product nexus, the Court is not addressing whether the Shimkos can meet the "but for" causation standard.

9

and the Shimko Affidavit 2, their conclusory nature and that these were not mentioned or relied upon by the Shimkos in the Response. The Court concludes that the Shimko Affidavit and the Shimko Affidavit 2 are sham affidavits.

Delaware law does not allow sham affidavits. A sham affidavit is an affidavit submitted by a party opposing summary judgment that creates a fact issue by contradicting earlier sworn deposition testimony without adequate explanation.[26] The reason for the sham affidavit rule is clear

> On predicate issues, like product nexus, it is not too much to expect of a plaintiff that he will be prepared to offer definitive testimony in interrogatories or at a deposition regarding the factual basis for his claims against specific defendants. Absent extraordinary circumstances, a plaintiff should be bound by his sworn testimony. To allow otherwise would cause product nexus to become a "moving target" and would, by consequence, turn the asbestos docket on its head.[27]

The Court must find the following elements before striking an affidavit as a sham: (i) prior sworn testimony; (ii) given in response to unambiguous questions; (iii) yielding clear answers; (iv) later contradicted by sworn affidavit; (v) without adequate explanation; and (vi) submitted in order to defeat a properly supported summary judgment motion.[28] In evaluating these factors, the Court should also consider whether the affiant was cross-examined about the earlier testimony, had access to pertinent evidence, or the evidence is newly discovered, at the time of the testimony, and the earlier testimony reflects confusion which the affidavit attempts to explain.[29]

Here, the Court finds that the Shimko Affidavit and the Shimko Affidavit 2 are affidavits that contradict sworn deposition testimony involving unambiguous questions and clear answers. Moreover, Mr. Shimko was represented by counsel at his deposition and his counsel did not find

---

[26] *See In re Asb. Litigation (Tisdel)*, 2006 WL 3492370 (Del. Super.Ct. Nov. 28, 2006)
[27] *Id.* at *4.
[28] *Id.* at *5.
[29] *Id.*

10

it necessary to clarify the forms of the questions or clarify Mr. Shimko's answers with further questioning. There is no explanation that Mr. Shimko suffered a lapse of memory during his deposition or otherwise suffered from a mental defect.

The form and timing of the Shimko Affidavit and the Shimko Affidavit 2 also support a finding that these are sham affidavits. The Response was filed on April 10, 2014. The Response argues points from the deposition and makes no reference to the imminent filing of the Shimko Affidavit – dated April 16, 2014 and filed on April 21, 2014. This is strange considering Mr. Shimko's reference in these affidavits to over fifty (50) Bendix brake jobs and that Bendix brakes were the dustiest brakes he ever worked with. These are strong facts -- facts that if testified to at a deposition would likely create genuine issues as to material facts. Instead, the Response bases its opposition to summary judgment on the one instillation and the fact that Mr. Shimko may have worked with Bendix products on other occasions.[30]

Mr. Shimko must be bound by his deposition testimony. To allow otherwise would cause product nexus to become a "moving target." In addition, if the Court were to consider the Shimko Affidavit and the Shimko Affidavit 2 in response to the Motion, it would turn the discovery process on its head. The Shimko Affidavit and the Shimko Affidavit 2 present entirely new facts. Honeywell built its case on written discovery and deposition testimony leading up to the filing of the Motion. With these new affidavits and their *radically* different facts, Honeywell would necessarily have to re-engage and re-do all of its discovery with respect to Mr. Shimko and product nexus.

Under the circumstances here, the Court strikes the Shimko Affidavit and the Shimko Affidavit 2 as sham affidavits.

---

[30] Response at 1-2.

CONCLUSION

Based on the above arguments, viewing the evidence in the light most favorable to the non-moving party, the Shimkos have failed to present sufficient evidence to permit a jury finding that Mr. Shimko was exposed to an asbestos-containing product attributable to Honeywell. Therefore, Defendant Honeywell International Inc.'s Motion for Summary Judgment and the Honeywell International Inc.'s Motion to Strike Plaintiffs' Sham Affidavit are hereby **GRANTED**.

**IT IS SO ORDERED**.

/s/ *Eric M. Davis*

Eric M. Davis
Judge